IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

US BANK NATIONAL ASSOCIATION,
as Trustee,

      Plaintiffs,                CIV. S-11-0339 MCE GGH PS

  vs.

BIJAN ZEVEH, et al.,

                                FINDINGS &

      Defendants.             RECOMMENDATIONS

_____/

      Defendants Bijan Zeveh and Donna Beck, proceeding pro se, filed on February 7, 2011 a Notice of Removal of an unlawful detainer action filed against them in state court. Plaintiff US Bank National Association ("US Bank") has now filed a motion to remand. Defendants have not filed a response. After reviewing the application, the court recommends that the case be remanded to state court.[1]

<u>BACKGROUND</u>

      Defendants were sued in state court in an unlawful detainer action for their refusal to quit and deliver possession of residential real property purchased by plaintiff at a non-judicial foreclosure sale.

---

[1] The case has been referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

1

1  Defendants filed a petition for removal, alleging that the notice to vacate the
2  premises was defective.  They claim the court has federal question jurisdiction pursuant to 28
3  U.S.C. § 1441(a) because "[t]he complaint presents federal questions."  (Defs.' Notice of
4  Removal at 2.)  Plaintiff moves for remand, contending that there is no basis for removal, no
5  subject matter jurisdiction, and that defendants filed the notice for removal on the day of trial,
6  just before it was to begin.

7  DISCUSSION

8  A district court has an independent duty to examine its own jurisdiction and
9  remand a removed action "since removal is permissible only where original jurisdiction exists at
10 the time of removal or at the time of the entry of final judgment ...." Sparta Surgical Corp. v.
11 National Ass'n. of Securities Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998), quoting
12 Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 43, 118 S. Ct. 956, 966
13 (1998); FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 229, 110 S. Ct. 596, 606-07 (1990); Harris
14 v. Provident Life and Acc. Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994).

15 Removal jurisdiction statutes are strictly construed against removal.  See Libhart
16 v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).  "Federal jurisdiction must be
17 rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980
18 F.2d 564, 566 (9th Cir. 1992).  "The burden of establishing federal jurisdiction falls on the party
19 invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir. 1994)
20 (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir.1986)).

21 A plaintiff may bring suit in federal court if his claim "arises under" federal law.
22 28 U.S.C. § 1331.  In that situation, the court has original jurisdiction.  A defendant cannot
23 invoke the federal court's original jurisdiction.  But he may in some instances invoke the court's
24 removal jurisdiction.  The requirements to invoke removal jurisdiction are often identical to
25 those for invoking its original jurisdiction.  The requirements for both relate to the same end, that
26 is, federal jurisdiction.

1    Removal of a state court action is proper only if it originally could have been filed
2 in federal court. 28 U.S.C. § 1441. "[F]ederal courts have jurisdiction to hear, originally or by
3 removal, only those cases in which a well-pleaded complaint establishes either that federal law
4 creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution
5 of a substantial question of federal law." Franchise Tax Board v. Construction Laborers
6 Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983). Mere reference to federal
7 law is insufficient to permit removal. See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90,
8 93 (3d Cir. 1992). A defense to an action, based on constitutional rules of general applicability,
9 is not a sufficient basis to remove an action to federal court. See id.; Berg v. Leason, 32 F.3d
10 422, 426 (9th Cir. 1994) ("[N]either an affirmative defense based on federal law . . . nor one
11 based on federal preemption . . . renders an action brought in state court removable.").
12 Defendants have not raised any federal questions, and have not shown that they are unable to
13 raise their federal constitutional rights in state court.

14    This court has no jurisdiction over unlawful detainer actions which are strictly
15 within the province of state court. Defendants' apparent attempt at creating federal subject
16 matter jurisdiction by simply stating so will not succeed. See Catee v. Capital One, F.S.B. 479
17 F.3d 1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will
18 not permit removal).

19    Based on the aforementioned analysis, the court finds that remand is appropriate
20 because there is no subject matter jurisdiction. Pursuant to 28 U.S.C. § 1447(c), where it appears
21 the court lacks subject matter jurisdiction, the court shall make an order for remand. The petition
22 for removal and the state court record filed in this case demonstrate that the underlying
23 proceedings are not removable to this court.

24    Defendants' delay tactics are quite apparent, including an untimely removal at the
25 time the state court case was to go to trial, as well as the conclusory nature of the removal notice,
26 which indicates that defendants obtained a boilerplate form and inserted no facts specific to this

case. The undersigned finds that the case must be summarily remanded.

CONCLUSION

        IT IS HEREBY RECOMMENDED that:

        1. The state action be summarily remanded to El Dorado County Superior Court, West Slope Branch;

        2. The Clerk serve a certified copy of this order to the Clerk of the El Dorado County Superior Court, West Slope Branch, and reference the state case number (PCU 20100469) in the proof of service; and

        3. The Clerk be directed to close this case.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 03/25/2011

        /s/ Gregory G. Hollows

        UNITED STATES MAGISTRATE JUDGE

GGH:076/USBank0339.rem.wpd